UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **HITACHI MEDICAL SYSTEMS AMERICA, INC.,** | ) ) ) | CASE NO. 5:09CV639 |
| **Plaintiff,** | ) ) | JUDGE SARA LIOI |
| v. | ) ) ) | MEMORANDUM OPINION AND ORDER |
| **BAY HARBOR MRI, INC.,** | ) ) ) | |
| **Defendant.** | ) | |

This Memorandum Opinion and Order arises out of the motion of Defendant Bay Harbor MRI, Inc. ("Bay Harbor") to dismiss for lack of personal jurisdiction and/or improper venue or, in the alternative, to transfer this action. (Doc. No. 9.) Plaintiff Hitachi Medical Systems America, Inc. ("Hitachi") has filed an opposition. (Doc. No. 10.) For the reasons that follow, Bay Harbor's motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

In June 2006, Bay Harbor entered into a service maintenance agreement (the "Agreement") with Hitachi for the inspection and service of medical equipment previously purchased and/or leased by Bay Harbor. (Compl. ¶ 5.) Among other things, the Agreement contained a forum selection clause stating that "[t]his Agreement shall be governed by, and construed in accordance with, the laws of the State of Ohio. [. . .] Each party consents to the jurisdiction of the federal and state courts located in Ohio [. . .]." (Doc. No. 1 Ex. A at 3.)

Alleging that Bay Harbor breached the Agreement (Compl. ¶ 13), Hitachi brought suit in the Los Angeles County Superior Court in California. Hitachi voluntarily dismissed the suit without prejudice and refiled in this Court on March 23, 2009. (Doc. No. 1.) On May 18, 2009, Bay Harbor filed the instant motion.

## II. LAW AND ANALYSIS

### A. Personal jurisdiction and venue

Bay Harbor argues that Hitachi's complaint should be dismissed for lack of personal jurisdiction and/or for improper venue. The requirements of personal jurisdiction and venue, however, can be waived. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982) ("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived."); *Al-Muhaymin v. Jones*, 895 F.2d 1147, 1149 (6th Cir. 1990) ("Unlike jurisdictional defects, venue objections can be waived."). "'[T]here are a variety of legal arrangements whereby litigants may consent to the personal jurisdiction of a particular court system.' The use of a forum selection clause is one way in which contracting parties may agree in advance to submit to the jurisdiction of a particular court." *Preferred Capital, Inc. v. Assocs. in Urology*, 453 F.3d 718, 721 (6th Cir. 2006) (citations omitted).

Since Bay Harbor has signed a contract containing a forum selection clause consenting to the jurisdiction of state and federal courts located in Ohio, the Court must determine if the forum selection clause is valid; if it is, then Bay Harbor's motion to dismiss with respect to personal jurisdiction and/or improper venue must be denied.[1] It does not matter whether this Court applies Ohio or federal common law to determine whether the forum selection clause is valid because both treat forum selection clauses similarly. *Id.* (citing *Gen. Elec. Co. v. G. Siempelkamp*, 29 F.3d 1095, 1098 n.3 (6th Cir. 1994)).

Forum selection clauses in commercial contracts[2] are strongly presumed valid, and should be enforced except (1) in cases of "fraud or overreaching" or (2) if "enforcement of

---

[1] For purposes of its motion, Bay Harbor concedes that it consented to jurisdiction of state and federal courts located in Ohio by signing the Agreement containing the forum selection clause. (Doc. No. 9 at 6.)
[2] Neither party disputes the Agreement is a commercial contract.

2

the forum selection clause would otherwise be unreasonable or unjust." *Id.*; *see also Kennecorp Mtge. Brokers, Inc. v. Country Club Convalescent Hosp., Inc.*, 610 N.E.2d 987, 987, 989 (Ohio 1993). Bay Harbor argues the latter only.

To determine whether enforcement would be unreasonable or unjust, "courts are to determine whether the chosen forum is so inconvenient as to, in effect, afford no remedy at all, thus 'depriving litigants of their day in court.'" *Preferred Capital*, 453 F.3d at 722 (quoting *Info. Leasing Corp. v. Jaskot*, 784 N.E.2d 1192, 1196 (Ohio Ct. App. 2003)). To determine the reasonability of the forum selection clause, a court should consider: (1) the law that controls the contractual dispute; (2) the residency of the parties; (3) where the contract was executed; (4) the location of witnesses and parties to the litigation; (5) whether the forum is inconvenient to the parties. *Barrett v. Picker Int'l, Inc.*, 589 N.E.2d 1372, 1374-75 (Ohio Ct. App. 1990) (citations omitted).

Bay Harbor argues that enforcement of the forum selection clause would be unreasonable in this case for four reasons: (1) it has no contacts with the state of Ohio, (2) all of its witnesses are in California, (3) it conducted no business in Ohio, and (4) Hitachi initially chose to file a lawsuit in a California state court. As to the first three, this Court has already rejected an identical argument in a prior case involving the same forum selection clause. In *Hitachi Med. Sys. Am., Inc. v. Trinity Health Care LLC*, No. 1:06-cv-3072 (N.D. Ohio Aug. 20, 2007) (Carr, C.J.), this Court stated:

> Trinity argues that requiring the defendants to present their case in Ohio would "effectively deprive them of a defense" and is "manifestly inconvenient," because all of the defendants are residents of the State of California, the defendants' contractual obligations were all performed in California, and all of the defendants' witnesses are located in California. Mere inconvenience does not support a finding of unreasonableness or injustice. The litigation inconveniences now asserted by Trinity were foreseeable at the time it negotiated and agreed to each of the Agreements containing the forum selection clause. "While Defendant may be dissatisfied with the litigation forum, it is not [this

3

>  Court's] task to save Defendant from the consequences of an agreement it freely entered into."

*Id.* at 7-8 (citations omitted).

With respect to this case, this Court sees no reason to depart from its prior holding. Here, as in *Trinity Health Care*, the inconvenience that Bay Harbor and its witnesses allegedly will suffer was foreseeable at the time the contract was entered into. Both Sixth Circuit and Ohio law are clear that if matters were foreseeable at the time the contract was negotiated, those matters do not justify refusing to enforce a forum selection clause unless a party shows a change in circumstances that would justify relief. *See Interam. Trade Corp. v. Companhia Fabricadora De Pecas*, 973 F.2d 487, 489-90 (6th Cir. 1992); *Four Seasons Enterprises v. Tommel Fin. Servs., Inc.*, 2000 WL 1679456, at *4 (Ohio Ct. App. Nov. 9, 2000). Bay Harbor has not pointed to any change in circumstances that would justify this Court's refusal to enforce the forum selection clause. Additionally, though Bay Harbor and its witnesses are located in California, Hitachi and its witnesses are located in Ohio. Insofar as one of the parties will be inconvenienced regardless of whether the case is tried in Ohio or California, the Court finds that the interests of justice militate in favor of respecting Hitachi's choice of forum and enforcing the forum selection clause contained in the Agreement.

As to its fourth reason, Bay Harbor argues that Hitachi has waived its ability to invoke the forum selection clause by initially bringing suit in a California state court. Bay Harbor is incorrect. The forum selection clause at issue does not mandate a singular forum, but simply states that the parties consent to the jurisdiction of state and federal courts located in Ohio. (Doc. No. 1 Ex. A at 3); thus, as a matter of law, the forum selection clause is permissive. *See, e.g.*, *First Solar, LLC v. Rohwedder, Inc.*, 2004 WL 2810105, at *3 (N.D. Ohio Dec. 8, 2004) (forum selection clause stating that the parties "consent to jurisdiction and venue of any state court

4

situated in Hennepin County, Minnesota or federal court situated in the district of Minnesota as a forum for resolution of disputes" held to be permissive); *Warner v. Fuller Rehabilitation and Consulting Servs., Inc.*, 2005 WL 1490071, at *2 (E.D. Tenn. June 23, 2005) (forum selection clause stating in part that the parties "submit to the jurisdiction of the courts located in Catoosa County, Georgia" held to be permissive); *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955, 956-57 (5th Cir. 1974) (forum selection clause stating in part that "the parties submit to the jurisdiction of the courts of New York" held to be permissive). A permissive clause does not waive the right of a party to sue or be sued in another forum. *See, e.g.*, *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 386 (2d Cir. 2007) (citing *AVC Nederland B.V. v. Atrium Inv. Partnership*, 740 F.2d 148, 155 (2d Cir. 1984)); *Keaty*, 503 F.2d at 957. Hitachi therefore retained the right to sue in a California state court under the permissive clause without prejudice to its ability to later enforce the forum selection clause against Bay Harbor in a court located in Ohio.

As Bay Harbor has not shown that enforcement of the forum selection clause would be unreasonable, the Court deems Bay Harbor to have consented to personal jurisdiction and venue in this forum. Dismissal on those grounds is therefore inappropriate.

**B. Forum non conveniens**

Bay Harbor alternatively argues that the case should be transferred to the Los Angeles Superior Court. However, this Court only has the ability to transfer a case to a "district or division where it might have been brought." 28 U.S.C. §§ 1404(a), 1406(a).[3] The Los Angeles Superior Court is not a "district or division" in the federal court system—it is a state court. Bay Harbor's alternative request to transfer is thus not possible.

---

[3] The power to transfer an action under common law forum non conveniens has been superseded by statute. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 722 (1996) (citing 28 U.S.C. § 1404(a); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981)). Thus, this Court only considers transfer under the relevant statutory sections.

5

**III. CONCLUSION**

For the foregoing reasons, Bay Harbor's motion (Doc. No. 9) to dismiss for lack of personal jurisdiction and/or improper venue, or, in the alternative, to transfer under forum non conveniens is **DENIED**.

**IT IS SO ORDERED**.

Dated: July 28, 2009

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**